IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| SHAWN RYAN COWAN,<br><br>　　　　Plaintiff,<br>　vs.<br><br>STATE OF MONTANA, UNITED STATES OF AMERICA, and ACLU,<br><br>　　　　Defendants. | CV 23-108-M-DLC-KLD<br><br><br>ORDER |

　　　　On September 18, 2023, Plaintiff Shawn Ryan Cowan, who is proceeding pro se, lodged a 47-page single spaced typewritten document captioned "Writ of Rev[ol]ution and Rebellion." (Doc. 1.) Cowan identifies himself as the petitioner, acting in his self-described capacity as "Private Attorney General," and names the State of Montana, the United States of America, and the ACLU as defendants. (Doc. 1 at 1). Cowan states on the face of his submission that "[t]his matter involves TREASON and lesser crimes," and identifies the document as a "Grand Jury Indi[c]tment" and "Criminal Complaint." (Doc. 1 at 1-2). The factual basis for Cowan's filing is unclear. He makes several generalized complaints about Montana's public defender system and the Pine Hill School for Boys in Miles City, Montana, but does not identify any cognizable civil claims.  (Doc. 1 at 7-25).

1

Although it is not entirely clear, it appears that Cowan, in his self-appointed capacity as private attorney general, is attempting to bring multiple criminal state and federal claims against the named defendants. (Doc. 1 at 26-47).

Cowan is advised that a private citizen does not have the authority to bring criminal claims or charges in federal court. See e.g. *Gage v. Wells Fargo Bank*, 2013 WL 3443295, at *7 (D.N.J. July 9, 2013); *United States ex rel. Nagy v. Patton*, 2012 WL 1858983 (E.D. Pa. May 22, 2012). The fact that Cowan calls himself a private attorney general does not alter this fact. See *Gage v. Provenzano* 2013 WL 6623924, at *2 (D. N.J. Dec. 13, 2013). If Cowan intends to bring a civil action, he must proceed on a civil complaint. Because the Court's standard complaint form is useful to the Court and supplies relevant information, Cowan will be required to file a civil complaint using the Court's standard form.

In addition, Cowan has not paid the civil filing fee or submitted an application to proceed in forma pauperis (IFP) under 28 U.S.C. § 1915(a). If Cowan intends on proceeding with a civil action, he must either pay the $402 filing fee or obtain leave of Court to proceed IFP.

Based on the foregoing, the Court enters the following:

## ORDER

1. The Clerk of Court is directed to provide Cowan with a copy of the Court's Complaint for a Civil Case form. Cowan must complete and return the

form within **21 days** of this Order if he wishes to proceed. Failure to do so will result in a recommendation that this case be dismissed.

2. The Clerk of Court is directed to provide Cowan with a copy of the Court's Application to Proceed in District Court without Prepaying Fees or Costs. Within **21 days** of this Order, Cowan must either pay the filing fee for this action or complete and return the application to proceed in forma pauperis. Failure to do so will result in a recommendation that his motion to proceed in forma pauperis be denied. It may also result in dismissal of the action without prior notice to him.

3.  <u>Cowan must immediately notify the Court of any change in his mailing address</u> by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this case without notice to him.

DATED this 22nd day of September, 2023.

                                         Kathleen L. DeSoto
                                         United States Magistrate Judge