IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| SHAWN RYAN COWAN,<br><br>             Plaintiff,<br><br>vs.<br><br>STATE OF MONTANA, UNITED STATES OF AMERICA, and ACLU,<br><br>             Defendants. | CV 23–108–M–DLC<br><br>ORDER |

    United States Magistrate Judge Kathleen L. DeSoto issued her Findings and Recommendation in this case on November 21, 2023, recommending that the Court dismiss Plaintiff Shawn Ryan Cowan's Complaint (Doc. 1) without prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute and failure to comply with the Court's Orders. (Doc. 4 at 5.) For the reasons discussed below, the Court finds no clear error in Judge DeSoto's findings and recommendations and adopts them in full.

    On September 18, 2023, Plaintiff, proceeding pro se,[1] filed a document entitled "Writ of Rev[ol]ution and Rebellion" in which Plaintiff refers to himself as "Private Attorney General" and attempts to bring multiple criminal and federal

---

[1] Because Plaintiff is proceeding pro se, the Court construes his pleadings liberally and affords Plaintiff the benefit of any doubt. *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

claims against Defendants.  (Doc. 1.)  On September 22, 2023, the Court issued an order advising Plaintiff that a private citizen does not have the authority to bring criminal claims or charges in federal court.  (Doc. 2 at 2.)  The Court also advised Plaintiff that, if he intends to bring a civil action, he must proceed on a civil complaint filed using the Court's standard civil complaint form.  (*Id.*)  The Court also noted that Plaintiff had not paid the $402 civil filing fee nor obtained leave of Court to proceed in forma pauperis under 28 U.S.C. § 1915(a).  (*Id.*)

In its September 22 Order, the Court directed Plaintiff to complete and return the Courts Complaint for a Civil Case form by October 13, 2023.  (*Id.* at 2–3.)  The Court advised Plaintiff that failure to do so would result in a recommendation that the case be dismissed.  (*Id.* at 3.)  The Court also directed Plaintiff to either pay the filing fee for this action or complete and return the application to proceed in forma pauperis by October 13.  (*Id.*)  The Court advised Plaintiff that failure to do so would result in a recommendation that his motion to proceed in forma pauperis be denied and may also result in dismissal of the action without prior notice to him.  (*Id.*)

Plaintiff responded to the Court's Order on September 29 in a document again styled as a criminal action.  (Doc. 3.)  In that filing, Plaintiff again refers to himself as "Private Attorney General," refers to this Court's September 22 Order

as "VOID," and restates criminal claims against Defendants. (*Id.*) Plaintiff did not address the issues raised in the Court's September 22 Order.

On November 21, 2023, Judge DeSoto issued her Findings and Recommendation in this matter. (Doc. 4.) Judge DeSoto noted that, as of the date the Findings and Recommendation was filed, Plaintiff had not complied with the Court's September 22 Order. (*Id.* at 2.) Judge DeSoto determined, based on the public's interest in expeditious resolution of litigation, the Court's need to manage its docket, the risk of prejudice to the defendants/respondents, and the lack of less drastic alternatives, that dismissal without prejudice pursuant to Fed. R. Civ. P. 41(b) is appropriate. (*Id.* at 3–5.)

On December 12, 2023, Plaintiff filed "objections" to Judge DeSoto's Findings and Recommendation. (Doc. 5.) In the objections filing, Plaintiff claims that Judge DeSoto failed to disclose a conflict of interest and is acting without jurisdiction and outside of her lawful authority as a "civil officer of the United States District Court." (*Id.* at 1–2.) Plaintiff also implies that the undersigned is under some obligation to recuse himself in this matter. (*Id.* at 2.) Although it is far from clear, the Court interprets Plaintiff's statements as arguing that any judge of this Court that is also an owner of property in Montana must recuse themselves from this matter. (*See id.* at 1–2 ("What appears to be going on is a Montana property owner appears to be setting the stage for another Montana Property

Owner [sic] to use the US courts of Justice to conceal unconstitutional political activity contained in the public records of the corporation/s of Montana which they have been supporting with their private finances.").)  In addition to these accusations, Plaintiff makes broad statements regarding violations of his right to equal protection under the law.  (*Id.*)

Notably absent from Plaintiff's "objections" are any specific objections to the findings and recommendations made by Judge DeSoto.  Fed. R. Civ. P. 72(b)(2) requires an objecting party to file "specific written objections" and Rule 72(b)(3) only requires the district judge to review decisions of the magistrate judge that have been "properly objected to."  Even liberally construing Plaintiff's filing, the Court finds no specific or proper objections.  As such, the Court will treat Plaintiff's general "objections" as tantamount to no objection at all.  *See Barker v. Bank of Am.*, N.A., No. CV 17-21-BLG-SPW, 2018 WL 945040, at *2 (D. Mont. Feb. 15, 2018) (citing *Sullivan v. Schriro*, No. CV-04-1517-PHX-DGC (GEE), 2006 WL 1516005, *1 (D. Ariz. May 30, 2006) (collecting cases)).

Accordingly, Plaintiff is not entitled to *de novo* review.  28 U.S.C. § 636(b)(1)(C); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Instead, this Court reviews Judge DeSoto's findings and recommendations for clear error.  *McDonnell Douglas Corp. v. Commodore Bus. Machs., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).  Clear error exists if the Court is left with a

"definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

The Court possess the authority to dismiss an action for failure of the plaintiff to prosecute or to comply with an order of the Court. Fed. R. Civ. P. 41(b); *see also Fendler v. Westgate-California Corp.*, 527 F.2d 1168, 1170 (9th Cir. 1975). Judge DeSoto accurately identifies the five factors the Court must consider before dismissing an action pursuant to this authority: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992)). The Court finds no clear error in Judge DeSoto's analysis of these factors nor her application of the law in this matter.

Accordingly, having reviewed the remainder of Judge DeSoto's Findings and Recommendations for clear error and finding none,

IT IS ORDERED:

1) Judge DeSoto's Findings and Recommendation (Doc. 4) is ADOPTED IN FULL.

2) This action is DISMISSED WITHOUT PREJUDICE pursuant to Fed. R.

Civ. P. 41(b) for failure to prosecute and failure to comply with the Court's Orders.

3) The Clerk of Court is directed to enter judgment by separate document pursuant to Fed. R. Civ. P. 58.

4) The Court CERTIFIES, pursuant to Fed. R. App. P. 24(a)(4)(B), that any appeal from this disposition would not be taken in good faith.

DATED this 11th day of December, 2023.

_____
Dana L. Christensen, District Judge
United States District Court